J. A10037/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DANIEL McVEIGH, | : | No. 3367 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, May 26, 2015,
in the Court of Common Pleas of Philadelphia County
Municipal Court - Traffic Division at No. MC-51-CR-0028625-2014

BEFORE:  DUBOW, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 14, 2017**

Daniel McVeigh appeals from the May 26, 2015 judgment of sentence of nine months' reporting probation imposed after he was found guilty of one count of possession of a controlled substance.[1]  After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows:

> On August 22, 2014, Officer Rahill was on patrol in a high crime area near the intersection of Somerset and Mascher streets.  At approximately 10:30 AM, Rahill saw [a]ppellant failing to stop at a stop sign at the corner.  After turning on his lights and sirens, the officer stopped [a]ppellant's 2009 Honda and approached the driver's side.  Appellant appeared very nervous and Officer Rahill saw him "stuffing" something into his left pocket.  He subsequently asked [a]ppellant to step out of the vehicle for a safety frisk and frisked [a]ppellant's left

---

[1] 35 P.S. § 780-113(a)(16).

> pocket by patting the outside of the pants with an open palm. As a result of the open palm pat-down, Officer Rahill felt "a bumpy package" which he immediately recognized as heroin; in fact, he had felt this type of packaging dozens of times before. From [a]ppellant's pocket, Officer Rahill recovered fifteen small Ziploc packets of heroin bundled together with a rubber band.

Trial court opinion, 7/8/16 at 1-2 (citations to notes of testimony omitted).

Appellant was subsequently arrested and charged with one count of possession of a controlled substance. On May 26, 2015, appellant made an oral motion before the Municipal Court of Philadelphia to suppress the physical evidence seized as a result of Officer Rahill's stop, frisk, and search of his person. (**See** notes of testimony, 5/26/15 at 4-5.) Following testimony from both appellant and Officer Rahill, the trial court denied appellant's suppression motion, and this matter immediately proceeded to a negotiated stipulated trial. (**Id.** at 53-55.) That same day, the trial court found appellant guilty of possession of a controlled substance and sentenced him to nine months' reporting probation. (**Id.** at 56; **see also** negotiated stipulated trial order, 5/26/15.) On October 23, 2015, appellant filed a petition for writ of **certiorari** in the Philadelphia Court of Common Pleas, which was ultimately denied. On November 6, 2015, appellant filed a timely notice of appeal. On April 29, 2016, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on

May 20, 2016, and the trial court filed its Rule 1925(a) opinion on July 8, 2016.

Appellant raises the following issues for our review:

1. Where appellant was stopped in broad daylight for a minor traffic violation and the officer, as he approached, merely saw appellant put something in his pocket, was not the ensuing frisk unlawful as there were no reasonable grounds to believe appellant was armed and dangerous?

2. Was not appellant searched without probable cause and in violation of the plain feel exception to the warrant requirement where, during a frisk, the officer felt in appellant's pants pocket what he described as a "bumpy package," the incriminating nature of which was not immediately apparent?

Appellant's brief at 3.

Our standard of review when addressing a challenge to a trial court's denial of a suppression motion is well settled.

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous.

***Commonwealth v. Jones***, 121 A.3d 524, 526 (Pa.Super. 2015), ***appeal
denied***, 135 A.3d 584 (Pa. 2016) (citation omitted; brackets in original).

"Both the Fourth Amendment of the United States Constitution and
Article 1, Section 8 of the Pennsylvania Constitution guarantee individuals
freedom from unreasonable searches and seizures." ***Commonwealth v.
Bostick***, 958 A.2d 543, 550 (Pa.Super. 2008), ***appeal denied***, 987 A.2d
158 (Pa. 2009) (citation and internal quotation marks omitted). "To secure
the right of citizens to be free from such intrusions, courts in Pennsylvania
require law enforcement officers to demonstrate ascending levels of
suspicion to justify their interactions with citizens to the extent those
interactions compromise individual liberty." ***Commonwealth v. Reppert***,
814 A.2d 1196, 1201 (Pa.Super. 2002) (citation omitted). Courts in this
Commonwealth have recognized three types of interactions between
members of the public and the police: a mere encounter, an investigative
detention, and a custodial detention.

> A mere encounter between police and a citizen need
> not be supported by any level of suspicion, and
> carr[ies] no official compulsion on the part of the
> citizen to stop or to respond. An investigatory stop,
> which subjects a suspect to a stop and a period of
> detention . . . requires a reasonable suspicion that
> criminal activity is afoot. A custodial search is an
> arrest and must be supported by probable cause.

***Commonwealth v. Kendall***, 976 A.2d 503, 506 n.2 (Pa.Super. 2009)
(citations and internal quotation marks omitted).

In the seminal case of **Terry v. Ohio**, 392 U.S. 1 (1968), the United States Supreme Court indicated that police may stop and frisk a person where they have a reasonable suspicion that criminal activity is afoot and that the suspect may be armed and dangerous. **Id.** at 27. "Reasonable suspicion is a less stringent standard than probable cause necessary to effectuate a warrantless arrest, and depends on the information possessed by police and its degree of reliability in the totality of the circumstances." **Commonwealth v. Brown**, 996 A.2d 473, 477 (Pa. 2010). An appellate court must give weight "to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention." **Id.** (citation omitted). We are mindful of the fact that,

> the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, even a combination of innocent facts, when taken together, may warrant further investigation by the police officer.

**Commonwealth v. Hughes**, 908 A.2d 924, 927 (Pa.Super. 2006) (citations and internal quotations omitted).

Appellant first argues that Officer Rahill's frisk of his person was unlawful because he lacked reasonable suspicion to believe that appellant was armed and dangerous. (Appellant's brief at 7.) For the following reasons, we disagree.

Upon review, we conclude that Officer Rahill was justified in conducting a *Terry* frisk of appellant after observing conduct that led him to reasonably conclude, in light of his experience as a police officer, that appellant may have been armed and dangerous. The record establishes that Officer Rahill was on patrol alone in a high drug and crime area the morning of August 22, 2014, when he observed appellant commit a traffic violation. (Notes of testimony, 5/26/15 at 7-8.) Officer Rahill testified that after stopping and approaching appellant's vehicle, he observed that appellant was "visibly shaking and very nervous" and that he took evasive action by "stuffing something into his left pocket." (*Id.* at 8.) Officer Rahill indicated that based upon his training and experience as a six-year veteran of the Philadelphia Police Department, he requested that appellant step out of his vehicle for a safety frisk. (*Id.* at 9-10.)

Courts in this Commonwealth have long recognized that although an appellant's presence in a high-crime area is insufficient, in and of itself, to support a finding of reasonable suspicion, "nervous, evasive behavior" and "the fact that the stop occurred in a high crime area" are pertinent factors in determining reasonable suspicion. *In re D.M.*, 781 A.2d 1161, 1163-1164 (Pa. 2001) (citation and internal quotation marks omitted); *see also Commonwealth v. Valdivia*, 145 A.3d 1156, 1162 (Pa.Super. 2016), *appeal granted*, 2017 WL 444717 (Pa. 2017) (stating, "nervous behavior during a traffic stop, combined with other factors, may give rise to

reasonable suspicion that criminal activity is afoot." (citation omitted));
***Commonwealth v. Buchert***, 68 A.3d 911, 914-916 (Pa.Super. 2013),
***appeal denied***, 83 A.3d 413 (Pa. 2014) (holding that an officer had reason
to suspect that his safety was in danger sufficient to justify a warrantless
search of defendant's vehicle where the defendant made furtive movements,
was extremely nervous, and the stop was conducted at night). Based on the
foregoing, we agree with the trial court that, under the totality of the
circumstances, Officer Rahill's frisk of appellant was supported by reasonable
suspicion that appellant may be armed and dangerous.

Appellant further contends that Officer Rahill exceeded the permissible
scope of the plain feel doctrine to the warrant requirement "where, during a
frisk, the officer felt in appellant's pants pocket what he described as a
'bumpy package,' the incriminating nature of which was not immediately
apparent[.]" (Appellant's brief at 13.) We disagree.

This court has recognized that "[i]f, during the course of a valid
investigatory stop, an officer observes unusual and suspicious conduct on
the part of the individual which leads [the officer] to reasonably believe that
the suspect may be armed and dangerous, the officer may conduct a
pat-down of the suspect's outer garments for weapons." ***Commonwealth
v. Preacher***, 827 A.3d 1235, 1239 (Pa.Super. 2003).

> In order to justify a frisk under ***Terry***[,] the officer
> must be able to point to particular facts from which
> he reasonably inferred that the individual was armed
> and dangerous. Such a frisk, permitted without a

> warrant and on the basis of reasonable suspicion less than probable cause, must always be strictly limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby.

*Id.* (internal quotation marks and citation omitted). "Weapons found as a result of [a *Terry*] pat-down may be seized. **Nonthreatening contraband may be seized only if it is discovered in compliance with the plain feel doctrine**." *Commonwealth v. Thompson*, 939 A.2d 371, 376 (Pa.Super. 2007), *appeal denied*, 956 A.2d 434 (Pa. 2008) (emphasis added).

In explaining the plain feel doctrine, the Pennsylvania Supreme Court has stated:

> [In *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993), the United States Supreme Court] adopted the so-called plain feel doctrine and held that a police officer may seize non-threatening contraband detected through the officer's sense of touch during a *Terry* frisk if the officer is lawfully in a position to detect the presence of contraband, the incriminating nature of the contraband is immediately apparent from its tactile impression and the officer has a lawful right of access to the object. . . . Immediately apparent means that the officer readily perceives, without further exploration or searching, that what he is feeling is contraband. If, after feeling the object, the officer lacks probable cause to believe that the object is contraband without conducting some further search, the immediately apparent requirement has not been met and the plain feel doctrine cannot justify the seizure of the object.

*Commonwealth v. Stevenson*, 744 A.2d 1261, 1265 (Pa. 2000) (some citations omitted).

Instantly, Officer Rahill testified that during the course of the safety frisk of appellant, he felt a "bumpy package" in appellant's front left pocket that he immediately recognized as narcotics packaging based on his experience as a six-year veteran of the Philadelphia Police Department with over 50 narcotics arrests. (Notes of testimony, 5/26/15 at 9-11.) On cross-examination, Officer Rahill further testified as follows:

> Q. Fair to say you didn't see any kind of bulge in his pocket when [appellant] stepped out of the car?
>
> A. Initially, when he stepped out of the car, I did not see a bulge, but when I did the safety frisk, when I patted his jeans, the left pocket there -- I could -- at that time, I saw there was a bulge and I could feel the narcotics through the pocket.
>
> . . . .
>
> Q. And when you say you recognized it as narcotics packaging, you recognized it was little Ziploc packets?
>
> A. The way it was packaged was [sic] bundled together with a rubber band around it.
>
> Q. And -- and it's your testimony that you could feel that after a quick frisk?
>
> A. Yes.

*Id.* at 23-25.   The record also indicates that Officer Rahill's pat-down of appellant was conducted with an "open palm," and he did not manipulate or squeeze the packaging he felt in appellant's left pocket.  (*Id.* at 24.)

Based on this testimony, we agree with the trial court's conclusion that Officer Rahill's seizure of the narcotic packets from appellant's pocket was justified under the "plain feel" doctrine and did not exceed the proper scope of a *Terry* pat-down.   *See Stevenson*, 744 A.2d at 1264-1265. Accordingly, appellant's claim that the trial court erred in failing to suppress the physical evidence seized as a result of Officer Rahill's stop, frisk, and search of appellant's person must fail.

Judgment of sentence affirmed.

Judgment Entered.

Joseph                         D.                      Seletyn,                      Esq.
Prothonotary

Date: 6/14/2017

- 10 -